FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| MICHAEL C. BAUCHAM | § | |
| Plaintiff, | | |
| VS. | § | CASE NO. 8 03CV1686-T30TGW |
| PANERA BREAD | § | |
| Defendant. | § | |

# COMPLAINT

COMES NOW, the Plaintiff, MICHAEL C. BAUCHAM, by and through his undersigned counsel and files this complaint against PANERA BREAD, hereinafter called Defendant, and alleges:

1. That jurisdiction for this cause of action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et. seq, as amended, and pursuant to the Civil Rights Acts of 1866, 1870 and 1991, as follows:

   (a) 42 U.S.C. § 1981, "Equal Rights Under the Law."

   (b) 42 U.S.C. § 1981A, "Damages in Cases of Intentional Discrimination."

   (c) 42 U.S.C. § 1988, "Proceedings in Vindication of Civil Rights"

   (d) 42 U.S.C. § 1985, "Conspiracy to Interfere with Civil Rights"

2. That all administrative remedies have been exhausted at the Equal Employment Opportunity Commission (EEOC) and "Notice of Right To Sue" letter was issued to Plaintiff. See Exhibit A attached.

3. That the Plaintiff is a resident of Hillsborough County; and that the Defendant is a company registered with the State of Florida and doing business a corporation in Tampa, Hillsborough County, Florida.

**Count I.**

4. That Plaintiff hereby incorporates and re-states paragraphs 1 through 3.

5. That from January 2000 through the present, Plaintiff was subjected to harassment while discharging his employment obligations for Defendant, and that said harassment constituted racial or ethnic discrimination that was so degrading that it resembled a "badge or incident of slavery."

6. That the harassment, referenced above in paragraph 5, was so pervasive and severe that it altered the terms and conditions of Plaintiff's employment.

7. That examples of the harassment, referenced in paragraphs 5 and 6, include the following:

   a. Racial slurs and derogatory comments directed toward Plaintiff by co-workers.

   b. Racial slurs and derogatory comments directed toward Plaintiff by supervisors.

   c. Specifically, a co-worker called Plaintiff a "stupid nigger" while in the presence of a supervisor, who took no corrective or disciplinary action.

   d. Specifically, a supervisor (white) called or described Plantiff's skin as a "dirty filter."

e. Specifically, a white co-worker told Plaintiff to "kiss my ass" in close proximity to a white supervisor and customers; but no corrective or disciplinary action was taken.

8. That the harassment, referenced above in paragraphs 5, 6 and 7 was frequent and severe enough to greatly affect Plaintiff's psychological, mental, and emotional constancy, and prevented Plaintiff from performing his daily duties without experiencing weariness and distress.

### Count II.

9. That Plaintiff hereby incorporates and re-states paragraphs 1 through 3.

10. That Plaintiff's immediate supervisors, namely Tony Cicciappo and Monica Kelly, were made aware of the harassment, referenced above in paragraph 7, but made no efforts to discipline the perpetrators of said harassment, or to prevent said harassment from taking place.

11. That consequently the Defendant, as per the legal liability theory of *respondeat superior*, is responsible for the acts of employees who perpetuated the racially-hostile work environment, which was directed against Plaintiff.

12. That, moreover, the Defendant's supervisors also participated in and perpetuated the racially-hostile work environment.

### Count III.

13. That Plaintiff hereby incorporates and restates paragraph 1 through 3.

14. That Defendant terminated Plaintiff on January 30, 2002 because Plaintiff requested to be cross-trained in other areas of the company in order to move into a management position;

15. That Defendant re-hired Plaintiff a few weeks later, but after Plaintiff has already filed an administrative claim with the Equal Employment Opportunity Commission (EEOC);

16. That after Plaintiff was re-hired, Defendant's supervisor (Monica Kelly) commenced discriminating against Plaintiff in retaliation of Plantiff's having filed the EEOC claim;

17. That said termination, referenced above in paragraph 16, constituted retaliation against Plaintiff, because Plaintiff attempted to vindicate his civil rights pursuant to the statutes referenced above in paragraph 1.

WHEREFORE Plaintiff demands judgment for damages in the amount of $300,000.00, costs, attorneys fees, and additional remedies deemed appropriate by this Honorable Court against the Defendant.

Respectfully Submitted:

Roderick O. Ford, Esq.
FBN: 0072620
FORD & ASSOCIATES, LLC
220 East Madison Street
Suite 1200
Tampa, Florida 33612
(813) 223-1200
(813) 223-4226 (fax)

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Michael C. Bauchman<br>14515 Housel Lane<br>Apt, 223<br>Tampa, FL 33612 | From: | Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15K-2002-00002 | **Linda Byars, Investigator** | (305) 530-7121 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Federico Costales, District Director

MAY 0 9 2003
(Date Mailed)

Enclosure(s)

cc: **Panera Bread**
**c/o Craig Annunziata**
**BAKER & McKENZIE**
**One Prudential Plaza**
**Suite 3500**
**130 East Randolph Drive**
**Chicago, IL   60601**